UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IOAN GHILDUTA

               Plaintiff,

  -against-                                                    04 CV 7494 (BSJ) (GWG)

THE TRUMP CORPORATION and MICHAEL P.      ECF Case
FISHMAN, as President of LOCAL 32B-32J,
SERVICE EMPLOYEES INTERNATIONAL
UNION, AFL-CIO

               Defendants.
------------------------------------------------------------------X

       Defendant Local 32B-32J SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO ("Local 32BJ" or "Defendant"), by its attorneys, submits this Answer to the Verified Complaint of Plaintiff Ioan Ghilduta ("Plaintiff" or "Mr. Ghilduta").

1. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1.

2. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

4. Defendant denies the allegations in paragraph 4.

5. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5.

6. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6.

7. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7.

8. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8.

9. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9.

10. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10.

11. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11.

12. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12.

13. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13.

14. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14.

15. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15.

16. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16.

17. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17.

18. Defendant admits the allegations in paragraph 18.

19. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19.

20. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21, and affirmatively asserts that by opinion dated October 15, 2004, Arbitrator John Anner upheld Plaintiff's discharge.

22. Defendant denies the allegations in paragraph 22.

23. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23, and affirmatively asserts that Plaintiff did not file a grievance concerning his alleged request for the handyman position.

24. Defendant admits the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29, and affirmatively asserts that Mr. Cordello's conduct at all times complied with the Union's duty of fair representation.

30. Defendant admits the allegations in paragraph 30 that Plaintiff attended an arbitration hearing on June 17, 2004 and that Trump was granted a second adjournment, and denies the remaining allegations.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. To the extent the allegations in paragraph 33 allege that persons employed by Local 32BJ, or officers or agents of Local 32BJ have been involved in taking money from union members in exchange for employment with Trump, Defendant denies the allegations, and otherwise lacks information or knowledge sufficient to form a belief as to the truth or falsity of such allegations.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 34.

## FIRST AFFIRMATIVE DEFENSE

36. The Complaint fails to state a claim upon which relief may be granted.

October 28, 2004
New York, New York

OFFICE OF THE GENERAL COUNSEL

By: _____
Katchen Locke (KL3724)

Associate General Counsel
Service Employees International
Union, Local 32BJ, AFL-CIO
101 Avenue of the Americas, 19th Floor
New York, New York 10013
Phone: (212) 539-2941
Fax: (212) 388-2062

Attorneys for Respondent