This watermark does not appear in the registered version - http://www.clicktoconvert.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

IOAN GHILDUTA

                                                Plaintiff,

   - - against - -

THE TRUMP CORPORATION and
MICHAEL P. FISHMAN, as President of LOCAL
 32B-32J, SERVICE EMPLOYEES
INTERNATIONAL UNION, AFL-CIO

                                                Defendants.

                          04 Civ. 7494

                          <u>AMENDED COMPLAINT</u>

                          JURY TRIAL DEMANDED

-------------------------------------------------------------x

      Ioan Ghilduta, by his attorneys, Blau & Barrows, Esqs., alleges for his Verified Complaint herein, on knowledge of matters relating to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters and all other persons, as follows:

      1.  This action is brought as a "hybrid" claim under the Labor Management Relations Act, 29 U.S.C. 185.

      2.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1331.

      3.  Plaintiff demands a jury trial.

      4.   At all relevant times hereinafter mentioned, Plaintiff was and still is a resident of the County of New York and State of New York.

      5.  Upon information and belief and at all relevant times hereinafter mentioned, Defendant The Trump Corporation ("Trump") , was and still is a  domestic corporation incorporated under the laws of the State of New York.

      6.  Upon information and belief and at all relevant times hereinafter mentioned, Defendant Local 32B-32J, Service Employees International Union, AFL-CIO ("The Union") was and still is an unincorporated business association organized and existing under the New York General Associations Law.

      7.  Upon information and belief and at all relevant times hereinafter mentioned,

This watermark does not appear in the registered version - http://www.clicktoconvert.com

Michael P. Fishman was and still is the president of The Union.

8.  Upon information and belief and at all relevant times hereinafter mentioned, Trump maintained it's principal place of business in the County of New York, State of New York.

9.  On or about October 18, 1994, Plaintiff began his employment with Trump at Trump Towers, located at 721 Fifth Avenue, New York, NY.

10.  To obtain employment with Trump, Plaintiff had to pay Mr. Gjieli, Trump's Residential Manager at Trump Tower, the sum of One Thousand Five Hundred ($1500.00) Dollars.

11.  At all relevant times hereinafter mentioned, Mr. Gjieli was Plaintiff's immediate supervisor.

12.  On or around January 2001, Richie Ukaj, a personal friend of Mr. Gjieli, was hired to replace Mr. Gjieli as Residential Manager.

13.  Mr. Ukaj's promotion left vacant a handyman position at Trump Tower.

14.  Plaintiff was qualified for the position as handyman and was passed up for this open position.

15.  Plaintiff was the only applicant who applied for the handyman position.

16.  Upon information and belief, Mr. Gjieli and other supervisors regularly and continually took money from prospective and actual employees in exchange for job positions and promotions within Trump's employ.

17.  Upon information and belief, Plaintiff was denied the position as handyman because he did not offer Mr. Ukaj any money in exchange for the promotion.

18.  Trump knew or should have known of the pervasive bribe taking practices of its supervisors.

19.  Trump failed to properly supervise it's employees which resulted in injury to Plaintiff.

20.  On or about December 20, 2002, Plaintiff informed Mr. Ukaj that Plaintiff was going to expose the corrupt practices and bribery committed by Trump supervisors.

21. Plaintiff was discharged on December 20, 2002.

This watermark does not appear in the registered version - http://www.clicktoconvert.com

22. Plaintiff had performed exemplary work throughout his employment with Trump.

23. Prior to his suspension and termination on December 20, 2002, Plaintiff had never been the subject of a disciplinary action.

24. Trump violated Article III, subsection 3 of the Apartment House Agreement ("The Agreement"), annexed hereto as Exhibit A, by discharging Plaintiff without justification.

25. Trump violated Article III, subsection 4 of The Agreement by failing to furnish Plaintiff with reasons for discharge within five days.

26. Trump violated Article X, subsection 18 of The Agreement by denying Plaintiff the position as handyman despite his qualifications and seniority.

27. Plaintiff filed a grievance with The Union's Complaint Department on December 23, 2002 due to the aforementioned discharge.

28. On or around January 1, 2003, the Union began its representation of Plaintiff.

29. On or about April 9, 2003, Plaintiff attended a Joint Industry Grievance Hearing. No resolution was reached upon Plaintiff's grievance.

30. At all relevant times hereinafter mentioned, Mr. Justin Cordello was the Union attorney assigned to represent Plaintiff.

31. Four arbitration hearings were held upon Plaintiff's grievance between May 2003 and May 2004. No resolution had been reached.

32. On June 6, 2004, in anticipation of a fifth arbitration hearing on June 17, 2004, Plaintiff attempted to contact Mr. Justin Cordello. Mr. Cordello did not respond to Plaintiff.

33. On June 17, 2004, Plaintiff attended the arbitration hearing. Trump was granted a second adjournment. The adjournment was granted without the consent of Plaintiff, in violation of Article VI, subsection 2 of The Agreement. No objection was made by Mr. Cordello.

34. During the June 17, 2004 arbitration hearing, Mr. Cordello did nothing to represent Plaintiff.

35. At the June 17, 2004 arbitration hearing, Plaintiff became aware that the

Union had failed to investigate the facts and circumstances surrounding Plaintiff's discharge including, but not limited to, the claims of bribery and corruption within Trump.

36. Upon information and belief and at all relevant times, members of The Union and Trump supervisors have been involved in taking money from union members in exchange for employment within Trump.

37. Upon the information provided heretofore, Trump has breached the terms of its collective bargaining agreement and the Union has breached its duty of fair representation of Plaintiff.

38. Plaintiff has suffered extreme hardship both physically, emotionally, and financially as a direct result of Defendants' actions, damaging plaintiff in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against defendants as follows:

A.   Compensatory damages in the sum of One Million ($1,000,000.00) Dollars against Defendants.

B.   Punitive damages as may be assessed by the trier of facts.

C.   Interests, costs, and disbursements

Dated: New York, New York
       November 29, 2004

Respectfully submitted,

_____

Michael C. Barrows (MB5416)
BLAU & BARROWS
300 Park Avenue - Suite 1700
New York, NY 10022
(212) 572-6363