UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
IOAN GHILDUTA

        Plaintiff,

  -against-                                    **CIV. No. 04-7494**
                                                  **(BSJ)**

THE TRUMP CORPORATION and
MICHAEL P. FISHMAN, as President of Local
32B-32J, SERVICE EMPLOYEES
INTERNATIONAL UNION, AFL-CIO,

        Defendants.
----------------------------------------------------------X

## MEMORANDUM OF LAW
## IN SUPPORT OF THE CROSS-MOTION FOR
## SUMMARY JUDGMENT BY THE TRUMP CORPORATION

 

ROSEN WEINHAUS LLP
Attorneys for The Trump Corporation
40 Wall Street, 32nd Floor
New York, New York 10005
(212) 530-4822

***On the Brief:***
Lawrence S. Rosen
Barry Weiss

# TABLE OF CONTENTS

| | |
|---|---:|
| TABLE OF AUTHORITIES.................................................................. | ii |
| PRELIMINARY STATEMENT............................................................ | 1 |
| STATEMENT OF FACTS...................................................................... | 2 |
| ARGUMENT........................................................................................ | 3 |
| POINT I:  PLAINTIFF WOULD OTHERWISE BE BARRED FROM BRINGING AN ACTION AGAINST TRUMP, EXCEPT FOR PLAINTIFF'S RIGHT TO BRING A "HYBRID" ACTION AGAINST BOTH LOCAL 32BJ AND TRUMP PURSUANT TO 29 U.S.C. § 185 ……………………………………………... | 3 |
| POINT II:  PLAINTIFF'S CLAIM THAT THE UNION BREACHED ITS DUTY OF FAIR REPRESENTION MUST FAIL AS A MATTER OF LAW................................................................................... | 5 |
| POINT III:  A FINDING THAT THE UNION BREACHED ITS DUTY OF FAIR REPRESENTATION TO PLAINTIFF IS AN INDISPENSABLE PREDICATE FOR MAINTAINING AN ACTION AGAINST TRUMP UNDER 29 U.S.C. § 185……………………………………………. | 5 |
| CONCLUSION................................................................................... | 7 |

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

Fay v. Teamsters Local Union No. 553,
67 F.Supp.2d 86, 91-92 (E.D.N.Y. 1999)                                                              6

Garten v. Kurth, 265 F.3d 136 (2nd Cir. 2001)                                                       4

Kavowras v. New York Times Co.,
132 Fed. Appx. 381, 2005 WL 1219956 (2nd Cir. 2005)                                                 6

Palcko v. Airborne Express, Inc., 372 F.3d 588
(3rd Cir. 2004)                                                                                     4

Passarelli v. Office of Professional Employees
International Union, Local 153, AFL-CIO,
184 WL 690 (S.D.N.Y. 1984)                                                                          4

United Parcel Service, Inc. v. Mitchell,
451 U.S. 56, 101 S.Ct. 1559 (1981)                                                                  5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IOAN GHILDUTA

                Plaintiff,

    -against-                                  CIV. No. 04-7494
                                                      (BSJ)

THE TRUMP CORPORATION and
MICHAEL P. FISHMAN, as President of Local
32B-32J, SERVICE EMPLOYEES
INTERNATIONAL UNION, AFL-CIO,

                Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW
## IN SUPPORT OF THE CROSS-MOTION FOR
## SUMMARY JUDGMENT BY THE TRUMP CORPORATION

### PRELIMINARY STATEMENT

Defendant The Trump Corporation ("Trump") submits this memorandum of law in support of its cross-motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP").

Summary judgment should be granted in favor of Trump on the grounds that:

1. The applicable Collective Bargaining Agreement ("CBA") between the parties mandates arbitration as the exclusive method of resolving any dispute that arises out of the CBA, including Plaintiff's instant claim that his employment was not properly terminated by Trump.

2. Summary judgment should be granted in favor of the Union defendants herein because plaintiff's claims against the Union take issue with (i) the Union's tactical decisions made while processing plaintiff's grievance, and/or with (ii) certain

procedural irregularities at the arbitration hearing, neither of which in any event is sufficient as a matter of law to support a finding that the Union breached its duty of fair representation, all as more fully set forth in the Union's papers in support of its motion for summary judgment.

3. This action is brought by plaintiff against Trump (as plaintiff's employer), and against plaintiff's Union, as a hybrid action under § 301 of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185. The indispensable predicate for a claim against the employer is a demonstration that the Union breached its duty of fair representation. In the event that it is determined by this Court that the Union did not breach its duty of fair representation, and that summary judgment is granted in favor of the Union, then summary judgment must also be granted in favor of Trump.

## STATEMENT OF FACTS

Trump respectfully refers the Court to the Statement of Uncontested Facts contained in the Memorandum of Law in Support of the Union's Motion for Summary Judgment, and incorporates said Statement of Uncontested Facts as if fully set forth herein.[1]

---

[1] By way of clarification, however, plaintiff was not employed by The Trump Corporation, as stated by the Union at paragraph 1 of its Rule 56.1 Statement, but rather by another "Trump" entity. The Trump Corporation asserted this as its First Affirmative Defense in its Answer. For purposes of this motion, however, The Trump Corporation may be considered as plaintiff's employer. In addition, Local 32BJ states at paragraph 6 of its Rule 56.1 Statement that plaintiff testified at his examination before trial that Nancy Lara is the building manager at 721 Fifth Avenue. Although she was the building manager at the time that plaintiff was discharged from his employment with Trump, she is not currently the building manager.

2

## ARGUMENT

### I. PLAINTIFF WOULD OTHERWISE BE BARRED FROM BRINGING AN ACTION AGAINST TRUMP, EXCEPT FOR PLAINTIFF'S RIGHT TO BRING A "HYBRID" ACTION AGAINST BOTH LOCAL 32BJ AND TRUMP PURSUANT TO 29 U.S.C. § 185.

Plaintiff alleges in his Amended Complaint, at paragraphs 24-26, that Trump violated the CBA for, among other things, "discharging Plaintiff without justification".[2] The CBA referred to by plaintiff covers the period of April 31, 2000 to April 20, 2003 and was entered into between The Realty Advisory Board on Labor Relations, Inc. on behalf of various owners of apartment buildings and other employers, including Trump, and the Union, of which plaintiff is a member. Affidavit of Edward Foti ¶5 in support of Motion for Summary Judgment by Local 32BJ & Exhibit 1 thereto. The CBA provides in pertinent part as follows:

> ARTICLE IV (3) – If any employee is unjustly discharged, he shall be reinstated without loss of seniority of rank and without salary reduction. The Joint Industry Grievance Committee or the Arbitrator may determine whether, and to what extent, the employee shall be compensated by the Employee for time lost.
>
> ARTICLE VI – Arbitration
> 1. A Contract Arbitrator shall have the power to decide all differences arising between the parties to this agreement as to interpretation, application or performance of any part of this agreement, and such other issues as are expressly required to be arbitrated before him, including such issues as may be initiated by the Trustees of the Funds.

---

[2] The other violations of the CBA alleged by Plaintiff in his Amended Complaint are that Trump failed to "furnish Plaintiff with reasons for his discharge within five days" (Amended Complaint ¶25), and that Trump denied Plaintiff "the position as handyman despite his qualifications and seniority" (Amended Complaint ¶26). The former issue was part of the arbitration proceeding that took place concerning Plaintiff's discharge. Plaintiff never pursued the latter issue through a CBA grievance procedure.

3

3. The procedure herein with respect to matters over which a Contract Arbitrator has jurisdiction shall be the ***sole and exclusive method for the determination of all such issues***, and the Arbitrator shall have the power to award appropriate remedies, the award being final and binding upon the parties and the employee(s) or Employer(s) involved. Nothing herein shall be construed to forbid either party from resorting to court for relief from, or to enforce rights under, any award. In any proceeding to confirm an award of the Arbitrator, service may be made by registered or certified mail, within or without the State of New York, as the case may be. The cost of the Office of the Contract Arbitrator shall be shared in a manner determined by the Union and the RAB.

Because the plaintiff's claim against Trump is governed by the arbitration provisions of the CBA, under which arbitration is the sole and exclusive forum and method for complaints arising out of plaintiff's employment, this Court would lack jurisdiction over the subject matter of the cause of action against Trump, except for its jurisdiction over this matter under 29 U.S.C. § 185. Garten v. Kurth, 265 F.3d 136 (2nd Cir. 2001) (Complaint dismissed pursuant to FRCP 12(b)(6), failure to state a cause of action upon which relief can be granted, and FRCP 12(b)(1), lack of jurisdiction over the subject matter, where dispute was governed by arbitration agreement.); Passarelli v. Office of Professional Employees International Union, Local 153, AFL-CIO, 184 WL 690 (S.D.N.Y. 1984) (Complaint for wrongful discharge dismissed for failure to state a cause of action due to existence of arbitration requirement in collective bargaining agreement). Palcko v. Airborne Express, Inc., 372 F.3d 588 (3rd Cir. 2004) ("Dismissal of a declaratory judgment action because the dispute is covered by an arbitration provision is generally effected under Rule 12(b)(6) covering dismissals for failure to state a claim upon which relief can be granted.", 372 F.3d 588, at 597).

Furthermore, the plaintiff's claim of unjustified discharge has already been decided by the Contract Arbitrator pursuant to the CBA in an Opinion and Award dated

4

October 15, 2004. Exhibit R annexed to relevant portions of Ghilduta Deposition submitted in support of Motion for Summary Judgment by Local 32BJ. The Opinion and Award found that the plaintiff was terminated from his employment for just cause and denied all of plaintiff's claims arising out of his employment.

Therefore, except for plaintiff's right to bring a "hybrid" action against both his union and his employer pursuant to 29 U.S.C. § 185, plaintiff would be barred from bringing an action against Trump and this Court would not have subject matter jurisdiction over plaintiff's claims against Trump.

## II. PLAINTIFF'S CLAIM THAT THE UNION BREACHED ITS DUTY OF FAIR REPRESENTION MUST FAIL AS A MATTER OF LAW.

Summary judgment should be granted in favor of the Union inasmuch as the Union did not breach its duty to plaintiff of fair representation for the reasons set forth by Local 32BJ in its papers in support of its motion for summary judgment. Trump hereby adopts the arguments made by Defendant Local 32BJ in its papers submitted in support of its Motion for Summary Judgment.

## III. A FINDING THAT THE UNION BREACHED ITS DUTY OF FAIR REPRESENTATION TO PLAINTIFF IS AN INDISPENSABLE PREDICATE FOR MAINTAINING AN ACTION AGAINST TRUMP UNDER 29 U.S.C. § 185.

In order for Plaintiff to maintain an action against Trump under 29 U.S.C. § 185, he must first show that the Union breached its duty of fair representation to him in pursuing his grievance against Trump under the CBA, and then show that the employer violated the CBA. As the Court held in United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 62, 101 S.Ct. 1559, 1564 (1981), "It is not enough, however, for an employee such as

respondent to prove that he was discharged in violation of the collective-bargaining agreement. To prevail against <u>either</u> the company or the Union, petitioners must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union."

In <u>Fay v. Teamsters Local Union No. 553</u>, 67 F.Supp.2d 86, 91-92 (E.D.N.Y. 1999) where, as in the instant case, the CBA provided an exclusive remedy against the employer through specified grievance procedures, the court held that "where . . . the grievance procedures set forth in a collective bargaining agreement provide the exclusive means for resolving labor disputes, judicial review of an employer's actions is not available <u>unless</u> the employee shows a breakdown in the grievance process itself. . . . Because these two constituent claims are 'inextricably interdependent', it is not enough that the employee demonstrates a breach of the collective bargaining agreement by the employer. To be successful against *either* the employer or the union, the employee must *first* shoulder its burden of establishing the union's breach of its duty." In other words, a finding of a breach of fair representation by a Union is an <u>indispensable predicate</u> to maintaining an action against the employer. <u>See</u>, e.g., <u>Kavowras v. New York Times Co.</u>, 132 Fed. Appx. 381, 2005 WL 1219956 (2nd Cir. 2005) ("It is well-established law that in order to state a 'hybrid' § 301 claim against an employer, the indispensable predicate is a demonstration that the Union breached its duty of fair representation.")

Therefore, if the Court finds that the Union did not breach its duty of fair representation to Plaintiff in the instant case, as it should, and grants summary judgment in favor of the Union, then the Court must also grant summary judgment in favor of Trump.

6

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that summary judgment should be granted in favor of Defendant The Trump Corporation.

Dated: New York, New York
September 23, 2005

                                      Respectfully submitted,

                                      Lawrence S. Rosen (LSR-8027)
                                      ROSEN WEINHAUS LLP
                                      Attorneys for The Trump Corporation
                                      40 Wall Street, 32nd Floor
                                      New York, New York 10005
                                      (212) 530-4822

**On the Brief:**
Lawrence S. Rosen
Barry Weiss

L:\00385.50\memo.law.doc