UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IOAN GHILDUTA

               Plaintiff,

-against-                                           04 CV 7494 (BSJ) (GWG)
                                                      ECF Case

THE TRUMP CORPORATION and MICHAEL P.
FISHMAN, as President of LOCAL 32B-32J,
SERVICE EMPLOYEES INTERNATIONAL
UNION, AFL-CIO

               Defendants.
------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made by and between The Trump Corporation, The Board of Managers (Residential and Commercial) of the Trump Tower Condominium, and Trump Tower Commercial LLC (collectively "Trump"); Michael P. Fishman, as President of Local 32B-32J, Service Employees International Union, AFL-CIO ("Local 32BJ"), (collectively "Defendants"); and Ioan Ghilduta, an individual residing in the State of New York ("Plaintiff"), (collectively "the Parties").

WHEREAS, Plaintiffs filed a Complaint in United States District Court for the Southern District of New York entitled "Ioan Ghilduta v. The Trump Corporation and Michael P. Fishman, as President of Local 32B-32J, Service Employees International Union, AFL-CIO" Index Number 04/7494 (United States District Court, Southern District of New York) ("Action");

WHEREAS, Defendants deny all claims in the Action; and

WHEREAS, the Parties have determined it to be in their mutual interests to settle the Action.

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Compensation.** Trump and Local 32BJ each agrees to issue a check to Plaintiff in the amount of seven thousand five hundred dollars ($7500.00) within seven days after the Agreement, and the stipulation referenced in paragraph 8, have been signed by Plaintiff and returned to Katchen Locke, SEIU Local 32BJ, 101 Avenue of the Americas, New York, NY 10013, and so long as Plaintiff has not revoked the Agreement as set forth in paragraph 13 below.

2. **Denial of Wrongdoing.** It is agreed and understood between the Parties that nothing contained in this Agreement, nor the fact that Plaintiff has been paid any consideration under it, shall be construed to be an admission of liability or any wrongdoing by Defendants.

3. **Confidentiality.** It is agreed and understood between the Parties that the terms and conditions of this Agreement shall be kept confidential. Plaintiff agrees that he will not disclose any information concerning the terms and conditions of this Agreement, including the amount paid to him, except to his immediate family members and to his legal, tax and/or financial advisor(s), and to the extent necessary to enforce the terms of this Agreement. Any damages resulting from a breach of this confidentiality provision will be difficult to determine, and Plaintiff agrees that Trump and Local 32BJ shall each be entitled to recover the amount of $7,500.00 from the Plaintiff as liquidated damages in the event of each such distinct and separate breach by Plaintiff, in addition to attorney's fees and costs and any equitable relief available to Trump and Local 32BJ. This provision shall be reciprocal in nature in all respects.

4. **No Future Employment.** Plaintiff agrees that he will not seek any future employment with Trump.

5. **General Release.** Plaintiff, in consideration of the sum of seven thousand five hundred Dollars ($7,500.00) and other good and valuable consideration received from and/or on behalf of Local 32BJ and Trump, receipt of which is hereby acknowledged, releases and discharges: 1(a) Trump, (b) Trump's parents, subsidiaries, affiliates, present and former officers, directors, attorneys, employees, shareholders, members, agents and representatives, (c) The Trump Organization, Inc., (d) Donald J. Trump individually, and any and all other corporations, partnerships, limited liability companies, designees, and other entities owned, operated, controlled and/or managed by Donald J. Trump, and each and every entity and/or business or company with which Donald J. Trump is affiliated in any manner, and (e) each of the aforementioned releasees' respective officers, agents, directors, employees, attorneys servants, partners, members, subsidiaries, and shareholders, (1(a)-(e) collectively, the "Trump Releasees"); and 2(a) Local 32BJ, and (b) Local 32BJ's parents, subsidiaries, affiliates, present and former officers, directors, attorneys, agents, employees, servants, and members (2(a)-(b) collectively "Local 32BJ Releasees"), from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, which against the Trump Releasees, and/or Local 32BJ Releasees, which Plaintiff ever had, now has, or hereafter can, shall, or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Agreement. This release is general in nature as and between Plaintiff and the Trump Releasees and Local 32BJ Releasees, but

also specifically relates to all claims or causes of action asserted or which could have been asserted in the Action.

6. **Non-Disparagement.** Plaintiff agrees not to (i) criticize or denigrate Trump Releasees; or (ii) make any remarks or comments about Trump Releasees, orally or in writing, to any third party, which remarks or comments reasonably could be construed to be derogatory or disparaging in nature, or which reasonably could be anticipated to be damaging or injurious to Trump Releasees' reputation or good will. Any damages resulting from a breach of this non-disparagement provision will be difficult to determine, and Plaintiff agrees that Trump shall be entitled to recover the amount of $7,500.00 from the Plaintiff as liquidated damages in the event of each such distinct and separate breach by Plaintiff, in addition to attorney's fees and costs and any equitable relief available to Trump. This provision shall be reciprocal in nature in all respects

7. **Duty of Fair Representation.** Without any admission of wrongdoing, Local 32BJ agrees to comply with its duty of fair representation with respect to its representation of Plaintiff.

8. **Dismissal of Claims.** Plaintiff agrees to dismiss with prejudice any and all claims against Defendants, including any and all claims asserted, or which could have been asserted, in the Action. Plaintiff's shall execute the Stipulation of Dismissal, attached here as Exhibit A, and any and all other documents necessary to effect the dismissal of the Action with prejudice, and to waive, release and discharge with prejudice any and all rights, claims or causes of action Plaintiff may have in the Action.

9. **Covenant Not to Sue.** Plaintiff agrees that he will not, jointly or individually, file any charge, claim, grievance, suit, complaint or action with any government agency, union body or in any court or other jurisdiction against Defendants relating to any claims that are released in Paragraph 5.

10. **General.** The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement may be executed in counterparts.

11. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with respect to the matters set forth herein and supersedes and terminates any and all previous agreements and negotiations between the parties with respect to the matters set forth herein. Plaintiff acknowledges that Defendants have made no promises to him other than those contained in this Agreement. This Agreement may not be changed unless the change is in writing and signed by all of the Parties.

12. **Review Period.** Plaintiff acknowledges that he has been afforded a reasonable and sufficient period of twenty-one (21) days to review and consider this

Agreement before signing it. Plaintiff understands that he may use as much of this twenty-one-day period as he wishes prior to signing. Plaintiff acknowledges that, to the extent that he decides to sign this Agreement prior to the expiration of the above period, such decision was knowing and voluntary on his part. The Parties agree that any changes to this Agreement, whether material or immaterial, do not restart the running of the twenty-one day period.

13. **Revocation Period.** Plaintiff acknowledges and understands that he may revoke this Agreement within seven (7) days of the date on which he signs it ("the Revocation Period") by delivering a written notice of revocation to Katchen Locke, SEIU Local 32BJ, 101 Avenue of the Americas, NY, NY 10013, no later than the close of business on the seventh day after he signs this Agreement. If Plaintiff revokes this Agreement during the Revocation Period, the entire Agreement shall be null and void and the Parties shall have no obligations under the Agreement to one another. This Agreement shall not be effective or enforceable and no payment will be made hereunder until after this Agreement is fully-executed by the Parties.

14. **Choice of Forum and Law.** This Agreement shall in all respects be interpreted, enforced and governed in accordance with and pursuant to federal law. The Honorable Barbara S. Jones of the United States District Court for the Southern District of New York shall retain jurisdiction to resolve any dispute arising out of, or related to, this Agreement.

| **LOCAL 32BJ** | **TRUMP** |
|---|---|
| By: _Katchen Locke_ | By: _[signature]_ |
| Name: Katchen Locke | Name: Lawrence S. Rosen |
| Title: Attorney | Title: Attorney for Trump |
| Date: 2-26-08 | Date: 2-25-08 |

_[signature]_

**IOAN GHILDUTA**, Pro Se Plaintiff

Date: 02 26 08

Sworn to before me this 26th day of
February, 2008

_[signature]_
Notary Public

LYLE D. ROWEN
Notary Public State of New York
No. 02RO6118383
Qualified in New York County
Commission Expires November 8, 20 08

4

**SO ORDERED:**

*[signature]*

Honorable Barbara S. Jones

2/27/08